THE STATE *ex rel.* MAHAN *et al., Appellants,* v. THE ST. LOUIS, KEOKUK & NORTHWESTERN RAILWAY COMPANY.

1. **Railroad, Construction of Upon Public Highway** : STATUTE. A railway company cannot, under the statute (G. S. 1865, p. 333 ; R. S., 1879, sec. 765), construct its road along or upon a public highway, except with the consent of the county court, and if it does so without such consent, a court of equity will interfere and grant the county appropriate relief.

2. ———— : ———— : LACHES. The profile and map of the route of the defendant company through the county was filed, as required by statute (G. S. 1865, p. 337), in the office of the clerk of the county court in April, 1878, and the present action to restrain the defendant from using the highway was instituted in January, 1882 ; *held,* there was no such delay on the part of the county as to preclude it from asserting its rights against the company.

*Appeal from Hannibal Court of Common Pleas.*—HON. THEODORE BRACE, Judge.

REVERSED.

*T. H. Bacon* for appellants.

(1) In sustaining the motion to dismiss the suit, because of the alleged failure to state a cause of action, the court erred, and the court also erred in overruling the motion for new trial and the motion in arrest of judg-

ment. In such a case the only resort is a demurrer (R. S., sec. 3515), on decision of which the plaintiff may amend, of course. R. S., sec. 3518. (2) The statutes of 1865 forbade the construction of defendant's railroad on the public roads without the assent of the county court (G. S., 1865, ch. 63, p. 333, sec. 2, sub. 4, last clause), and according to the petition the railroad company of its own motion monopolized the public highways of Marion county, not only without the assent of the county court, but against its will and protest and hence a cause of action arose. *Troy v. Cheshire*, 3 Foster, 83, cited in 1 Redf. Railways, 1867 (3 Ed.) p. 277, sec. 76. (3) The construction of railroads on highways is especially subject to equitable control (2 Sto. Eq. Jur., 1861 (8 Ed.) sec. 1563), and the operation of a railroad in wrongful derogation of a highway being continuous in character, the plaintiff had a right to invoke the restraining power. *Springfield v. Connecticut*, 4 Cush. 63, cited in 1 Redf. Railw. *Ib.*, p. 305, sec. 76, note. The wrongful obstruction of a public highway always constitutes a public nuisance, affording cause for injunction. 2 Sto. Eq. Jur. *Ib.*, p. 99, sec. 921 to 924 *a*. (4) The boundaries of ways have relatively more extent and importance than the boundaries of any other subject matter of ownership; the boundary is nearly all there is of the way. On a question of confusion of boundaries of ways the owner of a way has no remedy in ejectment or in trespass *quare clausum fregit*. It is peculiarly the office of equity to settle such variances. Tyler on Boundaries, 1874, chapters 20, 21 and 22, pp. 224 to 281, And equity in such cases has power to grant a commission to set out boundaries. *Ib.* And a court of law has no such power. *Ib.* 253, citing *Attorney v. St. Aubin*, Wightwicks' R. 229. This commission is now mentioned as a survey. *Primm v. Raboteau*, 56 Mo. 407, 415 and 416. (5) The prosecuting attorney of Marion county, as relator

had the right and the power to institute this action. (*State ex rel., etc.,* v. *Saline Co.,* 51 Mo. 350, 363), and the county of Marion had a capacity to become plaintiff, (*supra*), and if any other party should have been plaintiff it was no ground for dismissal. *Butler v. Lawson,* 72 Mo. 227.

*Anderson & Foreman* and *H. H. Trimble* for respondent.

(1) The motion was, in reality, a demurrer, and, after the decision of the court on it, the appellant could have filed an amended petition, if he had so desired or had so asked. He cannot now complain of his own want of action in the court below. The record does not show that he was denied any right. *Austin v. Loring,* 63 Mo. 19. (2) The petition is multifarious, and sets out several causes of action at law, if all the allegations be accepted as true; one in ejectment, one in trespass, and one for obstructing the public highway, any one of which would give appellant an ample remedy at law. He cannot, under the allegations of such a petition, avail himself of a court of equity. (3) The appellant is not entitled to an injunction upon the facts set out in his petition, for it sets up the fact of the location, construction and operation of respondent's road on the line now complained of, years before the institution of this suit; such location and construction being made on a map and plat previously filed in the county clerk's office. The right to locate on the public highways was given by law, with assent of the county court. G. S., 1865, p. 333, sec. 2, sub. 4. Full notice to the county by such location, and acquiescence therein for years are conclusive assent. (4) The petition does not aver any insolvency on the part of the respondent, nor show that the damages to the appellant or the public are irreparable. The respondent's road is a public highway, and greatly

used by the public, as shown by the petition. The public, therefore, represented by the appellant, is interested in respondent's road in the same sense as in the highway complained about. The only wrong then to the public is that the county roads have been impaired. Neither insolvency nor irreparable damage being pleaded, certainly there is no ground for equitable interference. *James v. Dixon*, 20 Mo. 79 ; *Echalcamp v. Schrader*, 45 Mo. 50. (5) If the petition be regarded as one for a mandamus, then it is not sufficient to entitle the appellant to that relief, because the petition does not concede any right of location or occupancy to the respondent, and, therefore, gives no reason or basis for any duty on the part of the respondent, which the respondent might otherwise owe to the public. No mandamus will lie unless there is a clear and specific duty, based upon a clear and specific right, as its necessary correlative. High on Injunctions (1 Ed.) sec. 10 ; Bouvier's Law Dict., Title, Mandamus.

HENRY, C. J.—The petition alleges substantially the incorporation of the Mississippi Valley Railroad Company and the Clarksville & Western Railway Company in 1871, and the incorporation, in 1873, of the Mississippi Valley & Western Railway Company, under the laws of this state, and the incorporation of the St. Louis, Keokuk & Northwestern Railway Company, in 1873, under and by virtue of the laws of the state of Iowa.

The consolidation of the two first named and other companies with the Mississippi Valley & Western Railway Company, and the acquisition by the latter of their franchises and subsequent acquisition by the defendant company of the franchises of the Mississippi Valley & Western Railway Company ; that in September, 1872, the Mississippi Valley Railway Company, filed in the office of the clerk of the county court of

Marion its location map and profile according to the statute, showing said railway, so located, as one hundred feet wide and with the road-bed and track thereon in the centre of said railway, the same being a route for a railway afterward adopted and used, as hereinafter described ; and that, on April 8, 1878, the defendant company filed in the office of said county clerk its map of the location of the road-bed of its road through Marion county, but without showing the width of its railway, and this plat showed the location to be the same as that shown by the plat filed by the Mississippi Valley Railway Company in 1872. The petition then alleges that there were in said county of Marion three roads which, for a period of forty years, had been and were used as public county roads, upon parts of which the defendant's road was so constructed as to practically destroy them as public highways for ordinary travel, stating the particular manner in which this was done, which it is unnecessary to notice further than to say that the alleged obstructions sustain the general allegation.

It is further alleged that the occupation, use and enjoyment of said roads and adjoining grounds by the defendant was, and is, entirely without the assent of the county court of said county; and that, on the contrary, the said county court and county have often protested and do now protest against such usurpation. The prayer of the petition is for an injunction to restrain defendant from running its road and rolling-stock over said parts of said public roads and for general relief. A demurrer to the petition was sustained and from the judgment this appeal has been prosecuted.

The statute of 1865 authorized the construction of a railroad along or upon any public highway, but only with the consent of the county court. R. S., 1865, page 333, sec. 2. The petition alleges the filing of the plat or profile of its road by the defendant in April, 1878, and if there were nothing in the petition negativing the con-

sent of the county court, it might be presumed from its long silence; but the petition expressly avers, and it is repeated, that neither the court nor the county ever consented to, but remonstrated against, the occupation of the county roads by the defendant for its road. Whether the consent of the county court was obtained or not is a question of fact, and so far from it appearing on the face of the petition that such consent was obtained, the contrary was expressly averred. If such consent was not obtained the defendant had no right to construct its road upon the county roads, and there had not been such a delay on the part of the county to assert its right as to have precluded it from doing so when this suit was instituted. This suit was instituted in January, 1882, and defendant's profile of the road was filed in the county court in April, 1878, less than four years before the commencement of this suit. If the facts are as alleged in the petition, the plaintiff is entitled to some relief in equity. What it should be the court can determine on a hearing of the cause.

The judgment is reversed and the cause remanded. All concur.